IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BRADLEY WAYNE COLSON,

        Plaintiff,

vs.                                 **Case No. 10-4153-RDR**

DAWN SHEPLER, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This is an brought by the plaintiff, proceeding pro se, pursuant to 42 U.S.C. § 1983. He contends that his parole was illegally revoked and he was incarcerated where he suffered cruel and unusual treatment. He also asserts supplemental state claims of gross negligence and medical malpractice. This matter is presently before the court upon defendant Dawn Shepler's motion to dismiss.

I.

In his complaint, plaintiff alleges that in December 2009, while he was on parole, he was in treatment at the Parallax Treatment Center in Wichita, Kansas. His parole officer at the time was defendant Shepler. He asserts that she had him removed from Parallax and had him placed in a jail in Wichita. He notes that Shepler had recommended that he should be "returned to prison so a complete psychological assessment be completed so he can begin a medication treatment to carry on while in the community." He

further alleges that he was then transferred to the Hutchinson Correctional Facility (HCF) where he was subjected to violence by other inmates and denied proper mental health medications. He contends that defendant Shepler took the actions to revoke his parole (1) without "knowledge of what had actually taken place [at Parallax]"; (2) without meeting him; and (3) without knowledge of his mental health history. He seeks compensatory and punitive damages.

In the motion to dismiss, defendant Shepler contends that (1) plaintiff's § 1983 claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994); (2) the § 1983 claims do not sufficiently allege that she was deliberately indifferent to a known threat of serious harm to plaintiff under the Eighth Amendment; (3) the court should decline to exercise supplemental jurisdiction over the state law claim against her; and (4) plaintiff's state law claim fails to allege any duty owed to him by her.

## II.

In ruling on a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to

relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. Robbins v. Oklahoma, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [his] claims across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

Because plaintiff is proceeding pro se, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001). Liberal construction does not, however, "'relieve the plaintiff of the burden of alleging sufficient facts

3

on which a recognized legal claim could be based.'" Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). The court need not accept as true those allegations that state only legal conclusions. See id.

III.

A.

The law is settled that when a state prisoner is challenging the fact or duration of his confinement, his sole remedy is a writ of habeas corpus, not a § 1983 action. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). In Heck, the case relied upon by the defendant, the Supreme Court held that where success in a § 1983 would implicitly call into question the validity of conviction or duration of a sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Heck, 512 U.S. at 486-87. The Heck doctrine applies to parole revocations. Crow v. Perry, 102 F.3d 1086, 1087 (10th Cir. 1996).

Plaintiff has suggested, relying upon Wilkinson v. Dotson, 544 U.S. 74 (2005), that Heck does not apply here because he is challenging the "procedures" which led to his "unconstitutional confinement." We must disagree. Plaintiff fails to understand what the Supreme Court determined in Wilkinson.

In Wilkinson, state prisoners brought an action under § 1983 seeking declaratory and prospective injunctive relief, claiming

that state parole procedures were unconstitutional. The Supreme Court held "that 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner." Wilkinson, 544 U.S. at 81 (emphasis in original). Nevertheless, the Supreme Court reiterated that a state prisoner's § 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of his conviction. Id. at 81-82. Thus, the threshold question becomes whether plaintiff's success on his § 1983 action would "necessarily demonstrate" the invalidity of his parole revocation, which would in turn render his 1983 action uncognizable under Heck. We must answer this question in the affirmative because success on his § 1983 claim would necessarily demonstrate the invalidity of the parole revocation. In order to prevail on his claim for damages, plaintiff would have to demonstrate that his parole was improperly revoked. The claims pursued in Wilkinson clearly differ from the claim asserted by plaintiff here.

The court notes that it appears, although it is not entirely clear, that plaintiff is no longer incarcerated. The Supreme Court has not definitively answered whether Heck applies when a prisoner is no longer "in custody" and cannot seek habeas relief. See Jiron v. City of Lakewood, 392 F.3d 410, 413 n. 1 (10th Cir. 2004). However, even if plaintiff is not in custody, he still appears to

5

be on parole and, therefore, in custody for habeas purposes. See Jones v. Cunningham, 371 U.S. 236, 241-43 (1963); Mays v. Dinwiddie, 580 F.3d 1136, 1139 (10th Cir. 2009). Thus, plaintiff's § 1983 claim against defendant Shepler asserting that she illegally revoked his parole is barred by Heck.

B.

The court now turns to plaintiff's claim of cruel and unusual punishment under § 1983. He contends that he was subjected to "serious physical as well as psychological injury and was forced to fight for his life with a number of violent offenders" while he was incarcerated at HCF. He alleges that he was "placed" at HCF by the defendant even though he was a "minimum security inmate with NO history of violence." (emphasis in original).

The defendant contends that plaintiff has failed to sufficiently allege that she was deliberately indifferent to a known threat of serious harm to him under the Eighth Amendment. She also argues that plaintiff has failed to provide a connection between her and the conditions alleged at HCF. She points out that she had no authority under Kansas law to place the defendant at any institution. She further notes that she has no control over the operation of correctional facilities in Kansas.

To sustain a cause of action based on 42 U.S.C. § 1983, a plaintiff must establish two elements: (1) that he suffered a deprivation of "rights, privileges or immunities secured by the

Constitution and laws" of the United States; and (2) that the act or omission causing the deprivation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988); see Baker v. McCollan, 443 U.S. 137, 140 (1979) (finding a necessary inquiry in any § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States); Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008) (holding that individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation); Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (holding that personal participation is an essential allegation in a § 1983 action).

To state a claim that his conditions of confinement violate the Eighth Amendment prohibition against cruel and unusual punishment, plaintiff must allege: (1) "a substantial risk of serious harm;" and (2) that prison officials acted with "deliberate indifference" to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference requires that a prison official "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Under the Eighth Amendment, "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." Id. at

833.

The court is persuaded that plaintiff's Eighth Amendment claim under § 1983 against defendant Shepler fails to state a claim for relief. Plaintiff's allegations do not support a § 1983 claim against the defendant. Plaintiff has failed to adequately show the affirmative link between the conditions alleged at HCF and the personal participation of the defendant. As pointed out by the defendant, Kansas law provides that the Secretary of Corrections, not the defendant, has the authority to order the confinement of any person sentenced to custody at any facility under his supervision and management. K.S.A. 75-5202(d). Plaintiff's placement at HCF was permissible under Kansas law and was not a violation of his constitutional rights. Moreover, control of the correctional institutions in Kansas is placed in the hands of the warden of each institution, not the defendant. K.S.A. 75-5203(e). Plaintiff has made no showing that the defendant was responsible for anything that occurred at HCF. Thus, plaintiff has not stated an Eighth Amendment claim under § 1983 against the defendant.

C.

Finally, the court shall consider plaintiff's supplemental state law claim against the defendant. The defendant initially contends that the court should decline to exercise supplemental jurisdiction over the state law claim. In the alternative, the defendant asserts that the court should dismiss the state law

claims based on the lack of any duty owed to plaintiff.

With the dismissal of plaintiff's § 1983 claim against the defendant, the court shall decline to exercise supplemental jurisdiction over the remaining state law claim. See 28 U.S.C. § 1367(c); Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Accordingly, the court shall not consider the alternative argument asserted by the defendant.

IV.

In sum, the court shall grant defendant's motion to dismiss. The court finds that plaintiff has not properly stated a claim against the defendant under § 1983. With the dismissal of the § 1983 claim, the court declines to exercise supplemental jurisdiction over plaintiff's state law claim against the defendant.

**IT IS THEREFORE ORDERED** that defendant Shepler's motion to dismiss (Doc. # 15) be hereby granted.

**IT IS SO ORDERED.**

Dated this 8th day of March, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge