IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BRADLEY WAYNE COLSON,

        Plaintiff,

vs.                              **Case No. 10-4153-RDR**

DAWN SHEPLER; DONITA
TRUKKEN; KRIS JONES;
CHARLES MOOSE;(FNU)PARKER;
(FNU)KEENEY,
        Defendants.

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant Parker's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Having carefully considered the arguments of the parties, the court is now prepared to rule.

This is an action brought by the plaintiff, proceeding pro se, pursuant to 42 U.S.C. § 1983. He contends that his Eighth Amendment rights were violated by several defendants. He contends that he was mistreated while he was on parole and in a treatment center in Wichita, Kansas. He further alleges that he was improperly discharged from the treatment center and his parole was illegally revoked. He was thereafter incarcerated where he suffered cruel and unusual treatment. He also asserts supplemental state claims of gross negligence and medical malpractice.

I.

In ruling on a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. Robbins v. Oklahoma, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [his] claims across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk,

L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). In addition to the allegations contained in the complaint, the court may consider attached exhibits and documents incorporated into the complaint, so long as the parties do not dispute the documents' authenticity. Kerber v. Qwest Group Life Ins. Plan, 647 F.3d 950, ____ (10th Cir. 2011).

Because plaintiff is proceeding pro se, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001). Liberal construction does not, however, "'relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). The court need not accept as true those allegations that state only legal conclusions. See id.

## II.

In his complaint, plaintiff alleges that in December 2009, while he was on parole, he was in treatment at the Parallax Treatment Center (Parallax) in Wichita, Kansas. He further alleges he entered treatment at Parallax on December 7, 2009 and was discharged on December 24, 2009. During his stay at Parallax, plaintiff's previously prescribed medication was "altered" by certain employees of Parallax. The alteration of his medication

"impaired his ability to function with any degree of normalcy." Thereafter, on December 19, 2009, plaintiff informed an employee of Parallax that he would sue "Parallax and their Doctors" if they did not correct his medication. Parallax then discharged him and wrote a "fictitious report" in support of their actions. The discharge recommendation was provided to plaintiff's parole officer who had him removed from Parallax and had him placed in a jail in Wichita. He was then transferred to the Hutchinson Correctional Facility (HCF) where he was subjected to violence by other inmates and denied proper mental health medications. Plaintiff mentions defendant Dr. Parker only briefly in his complaint. He identifies Dr. Parker as a Psychologist at Parallax and asserts that he was one of the staff who altered the dosage of his medication. An exhibit to his complaint, the discharge treatment summary, states (1) plaintiff had been referred to Dr. Parker for a mental health evaluation to substantiate his use of Adderal, (2) "Dr. Parker and Dr. Keeney lowered the Adderall to ½ the amount being prescribed and planned to continue reduction to avoid any negative affects (sic) of withdrawal," (3) plaintiff did not seem concerned with hallucinations as reported by Dr. Parker, and (4) plaintiff related to Dr. Parker that he never mentioned the "voices" to anyone and neglected to tell Dr. Stang." The complaint further generally alleges that Dr. Parker was a "conspirator pursuant to 42 U.S.C. § 1985 and acting under state law pursuant to the same authority

4

stated regarding all other parallax defendants." Plaintiff seeks compensatory and punitive damages.

In the motion to dismiss, defendant Dr. Parker contends that (1) plaintiff's Eighth Amendment claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); (2) the complaint fails to plead facts sufficient to establish personal participation by him in constitutional rights violations; (3) he had no authority or responsibility for events at Hutchinson Correctional Facility; (4) plaintiff's disagreement with medical treatment at Parallax does not support an Eighth Amendment claim; (5) he is entitled to qualified immunity from plaintiff's § 1983 claims; and (6) the court should decline supplemental jurisdiction over plaintiff's purported state law malpractice claims.

### III.

The defendant initially argues that plaintiff's Eighth Amendment claim that his parole was illegally revoked is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). We agree. The court has already determined that this claim is barred under <u>Heck</u> because it undermines the validity of his conviction and incarceration. <u>See Colson v. Shepler</u>, No.10-4153-RDR (D.Kan. 3/8/2011). Plaintiff argued only that <u>Heck</u> does not apply because he is no longer incarcerated. He has suggested that filing a habeas petition would be futile. In the previous order, the court addressed this issue and indicated that the law is settled that <u>Heck</u> applies even when

5

the plaintiff is not in custody and only on parole. Plaintiff has not provided any valid support for overturning, distinguishing or ignoring this precedent. Thus, plaintiff's claims based upon the revocation of his parole are barred.

Next, the court turns to the defendant's arguments that plaintiff has failed to adequately assert any Eighth Amendment claim against him. He argues that (1) plaintiff has failed to establish any personal participation by him in the asserted constitutional violation; (2) plaintiff's disagreement with his medical treatment does not support an Eighth Amendment claim; and (3) he had no authority or responsibility for the events at Hutchinson Correctional Facility.

In response, plaintiff has suggested that his claims against the defendant are that the defendant manufactured "fraudulent claims, lies" to support the other defendants' lies. He asserts that the defendant's lies were fabricated after his threat of suit because otherwise he would have been discharged from Parallax immediately.

"In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). Here, the facts as alleged in plaintiff's complaint fail to show any agreement to retaliate for plaintiff's alleged threat of suit or even that the defendant

was aware of the alleged threat.  The complaint asserts no facts to support any agreement or conspiracy between the defendant and other defendants, particularly defendant Shepler, who plaintiff alleges revoked his parole.  The few facts in the complaint about the defendant are insufficient to attribute to him any involvement in the decision to discharge him from Parallax or revoke plaintiff's parole.  Because the allegations against the defendant do not show an affirmative link between the constitutional deprivation and his personal participation, plaintiff failed to state a claim upon which relief could be granted against defendant Parker.  See Cardoso v. Calbone, 490 F.3d 1194, 1196 n. 1 (10th Cir. 2007) (deciding plaintiff did not state claim against defendant where defendant did not personally participate in actions allegedly violating constitutional rights).

The court next considers plaintiff's allegations that defendant's medical treatment establishes an Eighth Amendment claim.  In his response, plaintiff initially asserts that he "has never made any claim his medical treatment constituted any Eighth Amendment violation."  However, plaintiff continues in his response to challenge the adequacy of the defendant's care.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee

7

the safety of the inmates,'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). Ordinarily, the court must address both whether the medical care was deficient enough to qualify as a deprivation of constitutional significance and whether the defendant intended the deprivation by acting with deliberate indifference. See Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Assuming arguendo that the Eighth Amendment applies to these circumstances, the court need not reach the first question because plaintiff has failed to allege sufficient factual detail to suggest defendant's conduct rises to the level of deliberate indifference. Plaintiff alleges only that the defendant reduced the amount of his medication. He contends that this decision impaired his ability to function. Thus, plaintiff disagrees with the treatment that was provided, but such a claim is not sufficient to suggest a constitutional violation, much less deliberate indifference. At best, his allegations point to negligence, which is insufficient to support an Eighth Amendment claim.

Finally, the court turns to plaintiff's allegations implicating the defendant in the events that allegedly occurred at the HCF. In his response, plaintiff acknowledges that he is not asserting a constitutional claim based upon the events at HCF, but he asserts that he is entitled to damages based upon these events. Again, plaintiff has failed to adequately allege that the defendant

was directly involved in revoking his parole. Moreover, plaintiff has failed to assert sufficient facts that the defendant is liable for the events at HCF.

With these decisions, the court need not consider the other arguments raised by the defendant concerning plaintiff's § 1983 claim. The court notes that plaintiff has also asserted state law claims of negligence or medical malpractice against the defendant. In the absence of any viable claim under § 1983, the court shall decline to exercise supplemental jurisdiction over these claims.

Accordingly, the court shall grant defendant's motion to dismiss for failure to state a claim.

**IT IS THEREFORE ORDERED** that defendant Parker's motion to dismiss (Doc. # 59) be hereby granted. The court hereby dismisses plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against defendant Parker for failure to state a claim upon which relief can be granted. The court shall decline to exercise supplemental jurisdiction over plaintiff's state law claims.

**IT IS SO ORDERED.**

Dated this 19th day of September, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge