IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


BRADLEY WAYNE COLSON,

            Plaintiff,

     vs.                        **Case No. 10-4153-RDR**

DAWN SHEPLER, DONITA
TRUKKEN, KRIS JONES,
CHARLES MOOSE and
DR. KEENEY,

            Defendants.

_____

<u>**MEMORANDUM AND ORDER**</u>

    This matter is presently before the court upon the motion to dismiss of defendants Donita Trukken and Charles Moore.[1]   These defendants seek dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.   Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

    This is an action brought by the plaintiff, proceeding <u>pro</u> <u>se</u>, pursuant to 42 U.S.C. § 1983.   Plaintiff contends that he was

---

[1] Plaintiff named Kris Jones and Dr. Keeney as defendants in his original complaint.   Service has never been made upon these defendants because plaintiff has been unable to provide their addresses.   On October 7, 2011, the magistrate gave plaintiff thirty days to provide their addresses.   The magistrate had previously directed plaintiff to provide their addresses if he intended to pursue claims against them.   The thirty-day deadline has since passed and plaintiff has failed to produce any additional information on these defendants.   Accordingly, the court shall dismiss any claims against these defendants for lack of prosecution.

subjected to cruel and unusual punishment by several defendants in violation of the Eighth Amendment while he was on parole and in a treatment center in Wichita, Kansas.  He further alleges he was improperly discharged from the treatment center and his parole was illegally revoked.  He was thereafter incarcerated where he again suffered cruel and unusual treatment.  He also asserts supplemental state claims of gross negligence and medical malpractice.

The court has been forced to take a piecemeal approach in this case.  The court has previously granted a motion to dismiss filed by Dawn Shepler and a motion to dismiss filed by R. Lance Parker.  Many of the issues raised in those motions and the decisions made by the court in those orders are applicable here.

I.

In ruling on a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff.  See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The allegations must be

enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. Robbins v. Oklahoma, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [his] claims across the line from conceivable to plausible.'"  Id. (quoting Twombly, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).  In addition to the allegations contained in the complaint, the court may consider attached exhibits and documents incorporated into the complaint, so long as the parties do not dispute the documents' authenticity. Kerber v. Qwest Group Life Ins. Plan, 647 F.3d 951, 959 (10th Cir. 2011).

Because plaintiff is proceeding pro se, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001).  Liberal construction does not, however, "'relieve the plaintiff of the burden of alleging sufficient facts

on which a recognized legal claim could be based.'" <u>Hall v.</u> <u>Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). The court need not accept as true those allegations that state only legal conclusions. <u>See</u> <u>id</u>.

II.

In his complaint, plaintiff alleges that in December 2009, while he was on parole, he was in treatment at the Parallax Treatment Center (Parallax) in Wichita, Kansas. He further alleges he entered treatment at Parallax on December 7, 2009 and was discharged on December 24, 2009. At the time plaintiff entered treatment at Parallax, he was under the treatment of a psychiatrist, Dr. Stang. Dr. Stang had prescribed certain medication for plaintiff. In accordance with the rules at Parallax, plaintiff surrendered his medication upon admittance. During plaintiff's stay at Parallax, his medications were altered. He has alleged that the alteration of his medication "impaired his ability to function with any degree of normalcy." Thereafter, on December 19, 2009, plaintiff informed an employee of Parallax that he would sue "Parallax and their Doctors" if they did not correct his medication. Upon discharge, defendant Trukken prepared a Discharge Treatment Summary, as required by her position with Parallax. The Discharge Treatment Summary was also signed by defendant Moose. Plaintiff describes the Discharge Treatment Summary as "fictitious" and claims it was written to "justify/cover

4

up their actions and discredit any claims he might make." Plaintiff further alleges that Parallax staff, "presumably Donita Trukken," called his parole officer and requested that he be removed from Parallax so he would be imprisoned and "out of the way." Plaintiff was eventually transferred to the Hutchinson Correctional Facility (HCF) where he was subjected to violence by other inmates and denied proper mental health medications.

The Discharge Treatment Summary, which was attached to the complaint, provides a detailed account of plaintiff's stay at Parallax. The report indicates that "he was doing well at the beginning week of treatment." He was given a treatment plan to understand addiction. He was given the medication prescribed by Dr. Stang. He was referred to Dr. Parker for a mental health evaluation. His medication was then changed and plaintiff became "very negative." Plaintiff refused to participate in group sessions and began sleeping "at any spare moments he could find." Plaintiff stated that the treatment was "full o shit" and that he had previously learned the information provided by Parallax and it did not work. Plaintiff said he had his problem under control. The report further indicates that plaintiff would not "reach any therapeutic benefit as long as he is not mentally stable due to his diagnosed Paranoid schizophrenia." The report recommended that plaintiff "should obtain some kind of anti psychotic medications and treatment for his mental health disorders before considering

treatment for his drug addiction."

Plaintiff generally asserts that Trukken and Moose were conspirators pursuant to 42 U.S.C. § 1985 and acting under state law. He further requests that the court exercise its supplemental jurisdiction to rule on the "not just 'Professional,' but 'Medical Malpractice'" claims.

III.

In their motion to dismiss, Trukken and Moose raise the following arguments: (1) plaintiff's Eighth Amendment claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994); (2) plaintiff fails to plead facts sufficient for an Eighth Amendment claim against them; (3) they are entitled to qualified immunity from plaintiff's § 1983 claim; and (4) the court should decline to exercise supplemental jurisdiction over plaintiff's claims of gross negligence and medical malpractice.

A.

The defendants initially contend that plaintiff's Eighth Amendment claim that his parole was illegally revoked is barred by Heck. The court has previously determined that this claim is barred because it undermines the validity of plaintiff's conviction and incarceration. See Colson v. Shepler, No. 10-4153-RDR (D.Kan. 3/8/2011). Plaintiff has suggested that Heck does not apply because he was on "post-release supervision," not parole. The court finds no merit to this contention. Regardless of the

terminology employed, plaintiff was in custody for habeas purposes. See <u>Jones v. Cunningham</u>, 371 U.S. 236, 241-43 (1963); <u>Mays v. Dinwiddie</u>, 580 F.3d 1136, 1139 (10th Cir. 2009). Thus, plaintiff's claims based upon the revocation of his parole are barred.

B.

Next, the court shall consider defendants' argument that plaintiff has failed to plead facts sufficient to establish an Eighth Amendment violation against them. This contention is two-fold. First, the defendants assert that they had no control over the events that occurred at HCF. Second, they argue that plaintiff's disagreement with his course of treatment at Parallax does not support an Eighth Amendment claim.

In response, plaintiff contends that his claims against the defendants are that they engaged in fraudulent misrepresentations and conspired with state officials to effect his incarceration. He asserts he has properly alleged that the defendants retaliated against him to cover up their actions. He further contends the defendants are not entitled to qualified immunity.

In order to support a cause of action under § 1983, plaintiff must show that (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act of omission causing the deprivation was committed by a person acting under color of law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). "In order for liability to arise under

§1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006).  Here, the facts as alleged in plaintiff's complaint fail to show any agreement to retaliate for plaintiff's alleged threat of suit or even that the defendants were aware of the alleged threat.  The complaint asserts no facts to support any agreement or conspiracy between the defendants and other defendants, particularly defendant Shepler, who plaintiff alleges revoked his parole.  The facts in the complaint about the defendants are insufficient to attribute to them any involvement in the decision to discharge him from Parallax or revoke plaintiff's parole.  Because the allegations against the defendant do not show an affirmative link between the constitutional deprivation and his personal participation, plaintiff failed to state a claim upon which relief could be granted against defendants Trukken and Moose.  See Cardoso v. Calbone, 490 F.3d 1194, 1196 n. 1 (10th Cir. 2007) (deciding plaintiff did not state claim against defendant where defendant did not personally participate in actions allegedly violating constitutional rights).

The court next considers plaintiff's allegations that his claim of an alteration in his medication establishes an Eighth Amendment claim.  He has alleged in conclusory terms that the defendants were involved in the decisions to alter his medication.

8

As pointed out in their motion, defendants Trukken and Moore, as Addiction and Prevention Services counselors, had no authority to dispense, prescribe or order changes to prescription medication. Plaintiff has not suggested otherwise in response to the defendants' motion.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates,'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). Ordinarily, the court must address both whether the medical care was deficient enough to qualify as a deprivation of constitutional significance and whether the defendant intended the deprivation by acting with deliberate indifference.  See Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Assuming arguendo that the Eighth Amendment applies to these circumstances, the court need not reach the first question because plaintiff has failed to allege sufficient factual detail to suggest defendants' conduct rises to the level of deliberate indifference. Plaintiff alleges only that the defendants were somehow involved in the decision to reduce the amount of his medication.  He contends that this decision impaired his ability to function.  Thus, plaintiff disagrees with the treatment that was provided, but such

a claim is not sufficient to suggest a constitutional violation, much less deliberate indifference. At best, his allegations point to negligence, which is insufficient to support an Eighth Amendment claim.

Finally, the court turns to plaintiff's allegations implicating the defendants in the events that allegedly occurred at the HCF. Plaintiff has failed to adequately address this contention in his response to defendants' motion. The court is not persuaded that plaintiff has adequately alleged that the defendants were directly involved in revoking his parole. Moreover, plaintiff has failed to assert sufficient facts that the defendants are liable for the events at HCF.

IV.

With these decisions, the court need not consider the other arguments raised by the defendants concerning plaintiff's § 1983 claim. The court notes that plaintiff has also asserted state law claims of negligence or medical malpractice against the defendant. In the absence of any viable claim under § 1983, the court shall decline to exercise supplemental jurisdiction over these claims.

Accordingly, the court shall grant defendants' motion to dismiss for failure to state a claim.

**IT IS THEREFORE ORDERED** that the motion to dismiss of defendants Trukken and Moose (Doc. # 82) be hereby granted. The court hereby dismisses plaintiff's claims pursuant to 42 U.S.C. §

10

1983 against defendants Trukken and Moore for failure to state claims upon which relief can be granted.  The court shall decline to exercise supplemental jurisdiction over plaintiff's state law claims.

**IT IS FURTHER ORDERED** that the claims against defendants Kris Jones and Dr. Keeny are dismissed for lack of prosecution.

**IT IS SO ORDERED.**

Dated this 27th day of December, 2011 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge